**Henrietta HOE et al., Plaintiffs,**

v.

**William J. BROWN et al., Defendants.**

**Civ. A. No. C76–185.**

United States District Court,
N. D. Ohio, E. D.

Aug. 25, 1976.

Marjia R. Hehr, Mayfield, Ohio, Benjamin B. Sheerer, Rudd, Karl, Sheerer, Lybarger & Campbell, Cleveland, Ohio, Gordon J. Beggs, A C L U of Greater Cleveland, Cleveland, Ohio, for plaintiffs.

James A. Ciocia, Thomas V. Martin, Asst. Ohio Attys. Gen., Columbus, Ohio, Thomas P. Gill, Asst. Pros. Atty., Cuyahoga County, Cleveland, Ohio, for defendants.

## ORDER

Before WEICK, Circuit Judge, THOMAS, District Judge, and KRUPANSKY, District Judge.

This is an action wherein plaintiffs challenge the constitutionality of Ohio Revised Code Section 2919.12(B), which imposes civil and criminal sanctions upon physicians performing abortions for unmarried minors absent consent of a parent, custodian, or a guardian. Plaintiffs' Motion for a Temporary Restraining Order, enjoining enforcement of said statute against plaintiffs Eichner and Pre-Term Cleveland pending a hearing on the merits, was granted on February 26, 1976. Thereafter, on March 11, 1976, the Three-Judge Court convened herein, pursuant to 28 U.S.C. §§ 2281 and 2284, issued its Order granting plaintiffs' Motion for Preliminary Injunction pending the United States Supreme Court's disposition of *Planned Parenthood of Central Missouri v. Danforth,* 392 F.Supp. 1362 (E.D.Mo. 1975), and *Baird v. Bellotti,* 393 F.Supp. 847 (D.Mass.1975).

Plaintiffs now move, pursuant to Rule 54, Fed.R.Civ.P., for an entry of judgment declaring unconstitutional, and permanently enjoining enforcement of, Ohio Revised Code Section 2919.12(B), asserting in support thereof the recent decision in *Planned*

*Parenthood,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976), wherein the Supreme Court, in annulling Section 3(4) of House Bill 1211, the mandatory "parental" consent provision of the Missouri abortion statute, stated:

We agree with appellants and with the courts whose decisions have just been cited that the State may not impose a blanket provision, such as § 3(4), requiring the consent of a parent or person *in loco parentis* as a condition for abortion of an unmarried minor during the first 12 weeks of her pregnancy. Just as with the requirement of consent from the spouse, so here, the State does not have the constitutional authority to give a third party an absolute, and possibly arbitrary, veto over the decision of the physician and his patient to terminate the patient's pregnancy, regardless of the reason for withholding the consent. *Id.* at 74, 96 S.Ct. at 2843.

Upon consideration, it appearing that Section 2919.12(B) authorizes an "absolute and possibly arbitrary veto" exercisable by a person other than the pregnant woman and her physician; that it imposes this restriction without sufficient justification therefor; and, finally, that this statute clearly is not susceptible to a construction "that [it] prefers parental consultation and consent, but . . . permits a mature minor capable of giving informed consent to obtain, without undue burden, an order permitting the abortion without parental consultation . . .," *Bellotti v. Baird,* 428 U.S. 132, 145, 96 S.Ct. 2857, 2865, 49 L.Ed.2d 844 (1976), the Court accordingly concludes that Section 2919.12(B) of the Ohio Revised Code is inconsistent with the standards enunciated in *Planned Parenthood, supra,* and thus is unconstitutional.

Plaintiffs' Motion for Entry of Judgment declaring Section 2919.12(B), Ohio Rev. Code, unconstitutional, and permanently enjoining enforcement thereof, is hereby granted.

IT IS SO ORDERED.